IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KUDELSKI S.A.,

    Plaintiff,

    v.

JOHN DOE,

    Defendant.

Case No. 16-2201-CM-GLR

**MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion for Leave to Conduct Expedited Discovery (ECF 5). Plaintiff has filed affidavits from Jerry Gee, an employee of a subsidiary of Plaintiff company, and Chad Hagan, Plaintiff's attorney, in support of its motion.[1] In this case, Plaintiff alleges violations of 15 U.S.C. § 1114 and 15 U.S.C. § 1125 related to several trademarks held by Plaintiff Kudelski.[2] Plaintiff claims that the unknown "John Doe" Defendant has misrepresented himself as the Chairman of the Board of Directors at Kudelski Security in his LinkedIn profile on the Internet.[3] Defendant's profile is for a person named Bill Rondell, but no one with that name is affiliated in any way with Plaintiff.[4] The photograph in Defendant's LinkedIn profile is allegedly of the director of South Carolina's Parks, Recreation, and Tourism department, who is not named Bill Rondell.[5] The name Bill Rondell, and the same email address as the one in the LinkedIn profile, are associated with a Facebook profile which bears a different

---

[1] ECF 7, 8.

[2] ECF 1.

[3] ECF 1 ¶ 16.

[4] ECF 1 ¶ 15.

[5] ECF 7 ¶ 6.

photograph.[6]  Plaintiff alleges that Defendant posted articles on LinkedIn that contained malware, and he posted a job opening that was identical to one on Plaintiff's website, requesting that interested potential employees contact Defendant.[7]  He also sent invitations to connect on LinkedIn to Kudelski employees.[8]  Plaintiff claims that Defendant is attempting to collect personal information of current and potential Kudelski employees in order to commit identity theft or engage in other bad acts.[9]  These actions pose a threat to Kudelski's trademarks, according to its Complaint, which are known and well-respected worldwide.[10]

Plaintiff requested in early March 2016 that LinkedIn remove Defendant's profile and preserve the user's information.[11]  Plaintiff investigated to ascertain Defendant's identity, and traced his Internet Protocol ("IP") address to Olathe, Kansas.[12]  Plaintiff now seeks an order from this Court to engage in limited expedited discovery, in the form of subpoenas to LinkedIn and Facebook, among other methods.  Plaintiff argues that limited expedited discovery is necessary to ascertain Defendant's true identity so that he may be properly named and served, and so the case may proceed.  For good cause shown, as explained below, the Court grants Plaintiff's motion.

Rule 26(d) of the Federal Rules of Civil Procedure generally provides that discovery may not begin until the parties have conferred as required by Rule 26(f).  Discovery may commence before a Rule 26(f) conference, however, when authorized by the rules, a stipulation, or a court

---

[6] ECF 7 ¶ 7.

[7] ECF 1 ¶¶ 16–17.

[8] ECF 7 ¶ 4.

[9] ECF 1 ¶ 18; ECF 7 ¶ 10.

[10] ECF 1 ¶¶ 21-23.

[11] ECF 1 ¶ 19.

[12] ECF 7 ¶ 11.

order.[13]  Courts in this district and elsewhere have allowed limited expedited discovery where the moving party has shown good cause.[14]  This is especially true in cases dealing with infringement or unfair competition, and where the identity of a defendant is unknown.[15]

Here, Defendant has acted anonymously through Internet sites like LinkedIn, and Plaintiff has been unable to ascertain his identity by pre-lawsuit investigative means.  Plaintiff will likely continue to be unsuccessful in identifying Defendant without some formal discovery mechanisms, and the lawsuit cannot proceed if Plaintiff cannot identify Defendant.  Accordingly, the Court finds that Plaintiff should be permitted to conduct expedited discovery, including, but not limited to, issuing a subpoena to LinkedIn pursuant to Fed. R. Civ. P. 45, for the limited purpose of discovering the identity of the John Doe defendant.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Leave to Conduct Expedited Discovery (ECF 5) is granted.

Dated this 22nd day of April, 2016 in Kansas City, Kansas.

*s/Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

---

[13] Fed. R. Civ. P. 26(d).

[14] *Thermal Solutions, Inc. v. Imura Int'l U.S.A., Inc.*, No. 08-CV-2220-JWL-DJW, 2008 WL 2561098, at *1 (D. Kan. June 26, 2008); *Interscope Records v. Does 1-14*, No. 5:07-4107-RDR, 2007 WL 2900210, at *1 (D. Kan. Oct. 1, 2007); *Liberty Media Holdings, LLC v. Colorado Members of Swarm of Nov. 16, 2010 to Jan. 31, 2011*, No. 11-CV-01171-WYD-KMT, 2011 WL 1812654, at *1 (D. Colo. May 12, 2011).

[15] *See Liberty Media Holdings, LLC,* 2011 WL 1812654, at *2.